IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROSALEE FRYE,
    Plaintiff,

vs.                                CASE NO.:  5:09cv258/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for attorney fees and costs under the Equal Access to Justice Act (EAJA)(doc. 52).  Plaintiff's petition sought an award of fees in the amount of $8,571.79.  Defendant has responded to the petition and argues that plaintiff's EAJA petition is excessive (doc. 55).  The court ordered plaintiff to submit a reply explaining the request for travel reimbursement for another attorney and justifying the number of hours spent preparing for the case (doc. 56).  Plaintiff responded on June 29, 2011, and now seeks an award of $7,610.49 (doc. 57, p. 10).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(1)(A), (B).

In *Sullivan v. Hudson*, 490 U.S. 877, 109 S. Ct. 2248, 104 L. Ed. 2d 941 (1989), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence six of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. *Accord Shalala v. Schaefer*, 509 U.S. 292, 300 n.3, 113 S. Ct. 2625, 2631 n.3, 125 L. Ed. 2d 239 (1993) (limiting the *Hudson* holding to sentence-six cases). Here, the court reversed the decision of the Commissioner under sentence six. The application was filed timely, and the Commissioner's position was not substantially justified. Defendant does not disagree that fees should be paid in this case (doc. 55). Accordingly, plaintiff is clearly entitled to fees.

In *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), the Supreme Court held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. Although *Ratliff* did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, as in the case at bar (see doc. 52, ex. F), the undersigned has followed the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition and there was no indication that the litigant had an outstanding debt owed to the United States. *See, e.g., Parker v. Astrue*, Case No. 5:09cv189/RS/EMT (awarding EAJA fee to plaintiff where plaintiff owed outstanding debt to United States, and plaintiff should pay excess to attorney in accordance with fee assignment agreement); *Turner v. Astrue*, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to attorney for plaintiff where valid EAJA assignment had been made); *see also Ratliff*, 130 S. Ct. at 2529 (noting that the government has continued its practice of awarding EAJA fees to counsel when an assignment has been made only in cases where the claimant does not owe a debt to the government).

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 42.7 hours spent representing plaintiff in court-related proceedings, obtaining an award of fees from the court, and preparing for plaintiff's response to the court's order (doc. 56). She seeks compensation at the rate of $172.25 per hour for work performed in 2009 and $175.13 for work performed in 2010-2011. Defendant does not contest the reasonableness of the hourly rates, and the undersigned finds the hourly rates are reasonable, as has been found in numerous recent cases.

Defendant does contest the number of hours and the expenses requested (doc. 55, p. 2). Plaintiff has now amended her petition to exclude travel costs in the amount of $1,012.30 from the total amount sought (doc. 57). However, plaintiff requests fee compensation "in the token amount of two hours" for preparation of her response (doc. 57, p. 10). In sum, plaintiff seeks $7,458.65 for 42.7 attorney hours and $151.73 for expenses, a total award of $7,610.49 (doc. 57, p. 10).

The district court has wide discretion to determine the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983). "Thus, absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil litigation." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161, 110 S. Ct. 2316, 2320, 110 L. Ed. 2d 134 (1990). The time counsel spent in presenting the case to the court and vindicating her client's position was reasonable.

Accordingly, it is respectfully RECOMMENDED:

1. That the application for attorney fees under the Equal Access to Justice Act (doc. 52) be granted in the amount of $7,610.49, and the Commissioner be ordered to pay that amount to plaintiff's counsel.

At Pensacola, Florida this 7th day of July, 2011.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).