IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROSALEE FRYE,
    Plaintiff,

vs.                                      CASE NO.: 5:09cv258/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____

**REPORT AND RECOMMENDATION**

    Before the court is plaintiff's petition for attorney's fees under Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) (doc. 60). Plaintiff seeks an award of fees in the amount of $14,179.03. Defendant has filed a response indicating that he has no objection to the payment of fees, but that the correct amount should be $14,096.03 (doc. 61). Plaintiff filed a reply agreeing with the amount as stated by defendant (doc. 62).

    Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits. 42 U.S.C. § 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the

lesser of 25% of past due benefits. *Gisbrecht*, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id*. Finally, although fees can be awarded under both the Equal Access to Justice Act ("EAJA") and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. See 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court held that the provision of Section 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. *Gisbrecht*, 535 U.S. at 808-09. The Court concluded that Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. Accordingly, within the "25 percent boundary" permitted by Section 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. The *Gisbrecht* Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id*. at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id*. (citing *Rodriguez v. Brown*, 865 F.2d 739, 746 (6th

Cir. 1989)).  In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."  *Id*. (citing *Rodriguez and Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases.  *See, e.g., Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); *McPeak v. Barnhart*, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); *Boyd v. Barnhart*, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); *Dodson v. Barnhart*, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350).  Additionally, the undersigned notes that cases in this District have resulted in similar awards.  *See, e.g., Lambert v. Barnhart*, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (Docs. 26, 27)); *White v. Barnhart*, 3:02cv78/LAC/MD  (approving $741.81 on February 9, 2005 (Docs. 32, 33)).

In the instant case, plaintiff's counsel states that the amount she seeks does not exceed the maximum recovery permitted under the terms of Section 406(b) and is consistent with the terms of the fee agreement with plaintiff (doc. 60).  Plaintiff was awarded past due benefits of $107,972.00 and $26,993.00 for attorneys fee, 25% of the benefits, was withheld (doc. 60, p. 2).  Defendant clarified that prior attorney fee payments have already been made, $7,458.65 EAJA fee and $5,438.32 Section 406(b) fee, totaling $12,896.97 (doc. 61, p. 1).  Therefore, plaintiff's counsel can receive $14,096.03 ($26,993.00 - $12,896.97), which is below the 25% ceiling.  Moreover, she asserts, the amount she seeks to recover is reasonable, even though it results in a de facto hourly rate of  $632.15 ($26,993/42.7 hours) (docs. 56 and 60).

**In support of her assertion, she notes spending more than forty hours litigating plaintiff's case, that plaintiff's case was relatively complex and a risky endeavor because of the lengthy medical history with opinions from 14 physicians, counselors and therapists. The undersigned notes that her representation ultimately resulted in a favorable result for plaintiff and a sizable award (docs. 49-1 and 60-2).**

## CONCLUSION

**The undersigned, after conducting an independent determination (see *Gisbrecht*, 535 U.S. at 807), agrees with plaintiff's counsel and finds that the fee she seeks under Section 406(b) is reasonable (a finding that is bolstered by defendant's lack of objection to the amount requested (doc. 61)). The fee requested is indeed the fee contemplated in her fee agreement with plaintiff and, while high, is in line with other reported post-*Gisbrecht* decisions. Moreover, there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. Furthermore, there is no allegation of undue delay by her, and she has represented plaintiff for some time, during which she assumed a risk that she would recover no fee for her services. Additionally, the court cannot fault the character of the representation provided in this case, which ultimately led to a favorable disability determination by the Administrative Law Judge and a sizable past due benefits award to plaintiff. In short, the court is persuaded that plaintiff's counsel has met her burden of showing that her request for $14,096.03 in attorney's fees is reasonable. Therefore, she should be awarded $14,096.03 pursuant to Section 406(b).**

*Case No: 5:09cv258/RS/MD*

Accordingly, it is RECOMMENDED as follows:

1. That the Petition for Authorization of Attorney Fee Pursuant to the Social Security Act (doc. 60) be GRANTED.

2. That plaintiff's counsel, Heather Freeman, be awarded attorney's fees in the amount of $14,096.03, to be paid out of the sums withheld from plaintiff's past due benefits.

At Pensacola, Florida this 27th day of March, 2012.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**